IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TONEY JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-11-170-C |
| ) | |
| THE STATE OF OKLAHOMA, ex rel. ) | |
| THE UNIVERSITY OF OKLAHOMA, ) | |
| THE UNIVERSITY OF OKLAHOMA ) | |
| HEALTH SCIENCES CENTER, THE ) | |
| UNIVERSITY OF OKLAHOMA ) | |
| HEALTH SCIENCES CENTER POLICE ) | |
| DEPARTMENT; and RICHARD ADAMS, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

Plaintiff filed this action in the District Court of Oklahoma County. Plaintiff's state court petition makes several conclusory allegations that Defendants committed various torts. However, the state court petition fails to offer any factual allegations supporting these claims. Defendants removed the action to this Court and then filed a Motion to Dismiss noting the paucity of the allegations in the petition and the fact that Plaintiff had failed to properly serve certain Defendants.

The Supreme Court's recent rulings in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009), have undoubtedly altered the landscape of pleading. While it will certainly take some time for counsel and the courts to adjust to this standard, Plaintiff's pleading fails to pass muster under even the old standards. It is impossible to grasp even a basic understanding of the basis for Plaintiff's

action from the state court petition. There is no way any of the Defendants could file a meaningful and proper answer given the lack of factual allegations. While extensive fact pleading is not required under Fed. R. Civ. P. 8, the pleading must give Defendants fair notice of the nature of the claims brought by Plaintiff. The present state court petition fails this test.

The Court also notes that Defendants have raised claims of immunity and failure of proper service. Given the lack of information in the state court petition, it is impossible to make a reasoned determination of the availability of immunity. However, Plaintiff is cautioned to consider the arguments raised by Defendants before filing an Amended Complaint. Raising claims that are barred by clearly established law may lead to sanction. Because the Court is granting Defendants' motion, the challenges to service will not be resolved. However, Plaintiff is advised to follow the service requirements of the Federal Rules of Civil Procedure and, where appropriate, state law.

For the reasons set forth herein, Defendants' Limited Entry of Appearance and Motion to Dismiss (Dkt. No. 6) is GRANTED. This matter is DISMISSED without prejudice. If Plaintiff wishes to pursue this action, a valid Amended Complaint must be filed within 20 days of the date of this Order.

IT IS SO ORDERED this 31st day of March, 2011.

ROBIN J. CAUTHRON
United States District Judge